# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 13-349V
### Filed: November 24, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | | **UNPUBLISHED** |
| CRISTAL BELLO, | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| v. | * | Petitioner's Costs; Reasonable Amount |
| | * | Requested to which Respondent |
| SECRETARY OF HEALTH | * | Does Not Object. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

Mark L. Krueger, Krueger & Hernandez, S.C., Baraboo, WI, for Petitioner.
Lara Englund and Claudia Gangi, United States Department of Justice, Washington, DC, for
    Respondent.

## DECISION[1]

On May 22, 2013, Cristal Bello ("Petitioner") filed a petition for compensation under the
National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 et seq. (2006) ("Vaccine
Act"). Petitioner alleged that the administration of a Human Papillomavirus ("HPV") vaccine on
June 4, 2010 caused her to suffer from premature ovarian failure.

On November 24, 2015, the parties filed a Stipulation of Fact Concerning Petitioner's
Costs. Pursuant to their stipulation, the parties have agreed to an award of $1,015.47 for costs
incurred personally by Petitioner.

The undersigned finds that an award for costs is appropriate pursuant to 42 U.S.C. §
300aa-15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate.
**Accordingly, the undersigned hereby awards the amount of $1,015.47, in the form of a
check made payable solely to Petitioner, Cristal Bello.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims'
website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899,
2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each
party has 14 days within which to file a motion for redaction "of any information furnished by that party
(1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that
are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion
of privacy." In the absence of such motion, the entire decision will be available to the public. *Id.*

the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

       **IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.