# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 13-349V

Filed: January 24, 2017

| | | |
|---|---|---|
| CRISTAL BELLO, | * | TO BE PUBLISHED |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Attorney Hourly Rate; Attorney Hours; Expert Hourly Rate; Expert Hours; Interim Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |

Mark L. Krueger, Krueger & Hernandez, S.C., Baraboo, WI, for Petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On November 4, 2015, Cristal Bello ("Petitioner") moved for an interim award of attorneys' fees and costs in the lead case *Culligan*, pursuant to 42 U.S.C. § 300aa-15(e) (2012). Mot. for Atty. Fees *Interim*, in *Culligan v. Sec'y of HHS*, No. 14-318, ECF No. 89. After careful consideration, the undersigned has determined to grant the request in part.

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

## I. PROCEDURAL BACKGROUND

On May 22, 2013, Petitioner sought compensation under Part Two of the National Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 to -34 (2012) (hereinafter "Vaccine Act"), alleging that the administration of the Human Papillomavirus vaccine ("Gardasil" or "HPV vaccine"), on June 4, 2010, caused her to suffer from premature ovarian insufficiency ("POI"). Pet. at 1-2, ECF No. 1. Petitioner was, and continues to be, represented by Mark Krueger. *Id.* at 2. The case was initially assigned to Special Master Moran. Notice of Assignment, ECF No. 2.

Over the next year, Petitioner filed ten medical record exhibits in support of her claim. *See* Docket Report. After reviewing those records, Respondent filed a Rule 4(c) Report, arguing that Petitioner was not entitled to compensation. Resp't's Report at 4-6, ECF No. 35. In particular, Respondent noted that Petitioner had filed neither an expert report nor medical literature in support of her claim, and that none of Petitioner's treating physicians had opined in favor of causation. *Id.* at 5-6.

On May 21, 2014, the case, along with several others in which petitioners alleged that the HPV vaccine caused them to develop POI, was reassigned to Special Master Hamilton-Fieldman. *See* Notice of Reassignment, ECF No. 44. In the course of evaluating these cases, Special Master Hamilton-Fieldman directed Mr. Krueger "to make a determination as to whether this case should be included among the 'onset cases;' that is, whether a preliminary determination is required regarding the date of onset of Petitioner's" POI. Scheduling Order (Sept. 25, 2014) at 1, ECF No. 49. Mr. Krueger responded that Petitioner's case did not "fall under the onset cases," as it "was filed within three years" of the receipt of the HPV vaccine. Pet'r's Status Report at 1, ECF No. 50.

On October 15, 2014, the Special Master held a status conference, at which Mr. Krueger explained that Petitioner had undergone genetic testing; however, the results would not be available for up to one month. Additionally, it would require his expert two to three weeks beyond that date to evaluate the results. Scheduling Order (Oct. 16, 2014) at 1, ECF No. 51. The Special Master ordered Mr. Krueger to forward the results to Respondent within 48 hours of the receipt and to file an expert report by December 17, 2014.

A little over one month later, on November 20th, the Special Master held another status conference, which pertained to all of the POI cases. Scheduling Order (Nov. 24, 2014) at 1, ECF No. 53. Therein, the Special Master noted that this case was one of three "additional . . . cases in which the statute of limitations is not at issue, but in which a finding regarding onset will be relevant to causation." *Id.*

After multiple extensions of the deadline, Petitioner filed an expert report from Drs. Shoenfeld and Hamiel on March 3, 2015. Pet'r's Expert Report, ECF No. 59. Four months later, Petitioner filed the medical literature supporting the expert report via compact disc. *See* Unnumbered Docket Entry Noting Receipt of Compact Disc (Apr. 15, 2015).

On June 18, 2015, Special Master Hamilton-Fieldman held a two-day hearing pertaining to onset in all of the POI cases. *See* Unnumbered Minute Entry (June 18, 2015).

On November 4th, Petitioner filed a Motion for Interim Fees in the lead case *Culligan*. Mot. for Atty. Fees *Interim*, in *Culligan v. Sec'y of HHS*, No. 14-318. Petitioner requested $24,150 in attorneys' fees, $13,295.81 in attorneys' costs, $1,015.47 in client costs, and $2,400 in attorneys' costs for expert Dr. Hamiel. *Id.* at 7. The total amount requested was $40,861.28. *Id.*

Five months after the hearing, on November 24, 2015, Respondent filed a stipulation requesting that $1,015.47 in costs be awarded to Petitioner. Stipulation for Fees at 1, ECF No. 64. That same day, the Special Master issued a decision in accordance with that stipulation. Decision, ECF No. 65.

On January 6, 2016, Respondent filed a memorandum in opposition to Petitioner's request for interim attorneys' fees and costs. Memorandum, ECF No. 71. Respondent argued that interim fees were inappropriate, as (1) the litigation was not "protracted," as the case had "essentially been on hold since March 2015"; and (2) Petitioner could not show that she (and not her attorney) would incur an undue hardship absent an interim fee award. *Id.* at 3-4. Respondent also objected to the $12,500 in costs requested for Petitioner's expert, Dr. Shoenfeld, where Petitioner "submitted no invoice or other information support this expense." Respondent argued that this made it impossible to determine "what hourly rate he charged, how many hours he billed, or what tasks he performed." *Id.* at 5. Respondent observed that Petitioner's request for Dr. Shoenfeld was especially unreasonable, given that her other expert, Dr. Hamiel, prepared a report for only $2,400. *Id.*

In response, Petitioner filed a memorandum contending that an interim fee award was appropriate. Memorandum (Jan. 28, 2016), ECF No. 72. Specifically, Petitioner pointed out that (1) the case was included with the other POI cases, requiring a substantial investment of time in developing "an applicable onset standard" to apply to all of the cases; (2) a "substantial amount of attorney's and paralegal costs were incurred" in researching and reviewing the case since Petitioner approached Mr. Krueger in March 2013; and (3) she had retained costly experts, which "were necessary in evaluating and pursuing" her claim. *Id.* at 2-3. As to Respondent's claim that Petitioner showed no undue hardship, Petitioner countered that financial hardship for Petitioner's counsel constitutes an "undue hardship" for Petitioner, where Petitioner may have to

find new counsel years into her case if Petitioner's counsel can no longer afford to pursue the case. *Id.* at 3. Finally, Petitioner posited that Dr. Shoenfeld's fees were reasonable, given that he reviewed medical records and literature, and that he was researching "different aspects of the case" than Dr. Hamiel. *Id.* at 4.

On May 9, 2016, Special Master Hamilton-Fieldman issued a decision dismissing the petition in *Culligan*, and later dismissed a number of the other POI cases. *See* No. 14-318, 2016 WL 3101981 (Fed. Cl. Spec. Mstr. June 2, 2016).

A short time thereafter, on August 11th, the Special Master held a status conference, during which she explained that "the instant petition was not precluded by the statute of limitations under the standard identified in *Culligan*." Scheduling Order (Aug. 16, 2016) at 1, ECF No. 73. As to Petitioner's pending motion for interim fees, Respondent reiterated that "her client's prematurity objection likely remains unchanged." *Id.* The Special Master nevertheless ordered Respondent to file a status report documenting whether her position had changed. *Id.* at 1-2.

In that status report, Respondent continued to stand by the position articulated in her initial memorandum in opposition to an interim fee award. Resp't's Status Report (Aug. 25, 2016) at 1, ECF No. 74. Respondent specified that the litigation was not protracted, the experts were not overly costly, Petitioner had shown no undue hardship, and Petitioner still had not justified Dr. Shoenfeld's expenditures. *Id.*

Petitioner contested Respondent's characterization of the litigation. Pet'r's Status Report (Aug. 31, 2016), ECF No. 75. Petitioner asserted that (1) the case was protracted, as litigation had continued over nearly four years, "without an end in sight"; (2) her counsel had dedicated numerous hours and expended significant resources pursuing the case, and would continue doing so; and (3) Dr. Shoenfeld's costs were reasonable, attaching an itemized list of his charges. *Id.* at 1.

On January 9, 2017, the case was reassigned to the undersigned. *See* Notice of Reassignment, ECF No. 82. The matter is now ripe for consideration.

## II. ANALYSIS

### A. Applicable Legal Standard

Petitioner is entitled to an award of reasonable attorneys' fees and costs if she is entitled to compensation under the Vaccine Act, or, even if she is unsuccessful, she is eligible so long as the undersigned finds that she filed her petition in good faith and with a reasonable basis. *Avera*

*v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

In *Avera,* the Federal Circuit stated that a special master may award fees on an interim basis, and that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw,* the Federal Circuit held that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. Applying these standards, an award of interim attorneys' fees and costs is reasonable and appropriate in this case.

**B. Eligibility for Interim Fees**

Petitioner avers that this claim was filed with a reasonable basis and in good faith. Memorandum (Jan. 28, 2016). The undersigned agrees. Petitioner's claims are supported by the two expert reports. Although a decision on causation has not been issued in this case, or any of the other consolidated HPV/POI cases, there is enough information in support of Petitioner's claims for the court to find a reasonable basis.

Respondent argues that this case has not been protracted and that there is no issue with costly experts to warrant a claim for "undue burden." Memorandum (Jan. 6, 2016). The undersigned disagrees. This case was filed May 22, 2013, three and a half years ago. Petitioner's onset hearing took place in June 2015, and Petitioner's counsel has incurred attorney's fees and costs for time and expenses through the onset hearing. Petitioner's case survived past the hearing, after which a number of the POI cases were dismissed based on statute of limitations preclusion. An entitlement hearing will not occur until late 2017, at least eight months from present. The issuance of an entitlement decision following hearing will likely take several months more. Petitioner in this case obtained two expert reports for the onset hearing and has retained the same two experts for their expert opinions on causation. Because of the protracted nature of the proceedings to date, the fact that costly expert reports have been obtained, and the fact that the ultimate resolution of the case will not occur for a significant period of time, the undersigned finds an award of interim attorneys' fees and costs appropriate.

**C. Reasonable Amount of Attorneys' Fees**

The United States Court of Appeals for the Federal Circuit has approved use of the lodestar method to determine what constitutes reasonable attorneys' fees. *See Avera*, 515 F.3d at 1347-48. The lodestar method requires that a court multiply "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. (quoting *Blum v. Stenson*, 465

U.S. 886, 888 (1984)). Once the initial calculation is made, a court can adjust the fee award upward or downward based on other specific findings. *Id.* at 1348.

A special master, relying on her prior experience, has broad discretion in determining the reasonableness of the number of hours expended by attorneys. *See Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A special master can reduce any number of hours expended that are "excessive, redundant, or otherwise unnecessary." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The burden rests with the petitioner to prove that the number of hours expended was reasonable by "keeping records in a manner that will enable a reviewing court to identify distinct claims." *See Gruber v. Sec'y of HHS*, 91 Fed. Cl. 773, 785 (2010) (quoting *Hensley*, 461 U.S. at 437).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n. 11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

In *Avera,* the Federal Circuit determined that the forum of the Vaccine Act is Washington, DC. 515 F.3d at 1348. The Federal Circuit also decided that the forum rate for attorneys' fees should generally apply in Program cases. *Id.* However, it created an exception pursuant to *Davis County*: where most of an attorney's work is performed outside of the forum and there is a "very significant difference" between the forum rate and the attorney's lower local rate, a court should calculate fees under the local rate. *Id.* at 1349. A court must first determine the forum rate, then determine the local rate, and finally determine whether a "very significant difference" exists between them. *Davis Cty.*, 169 F.3d at 758.

Because Respondent does not object to Petitioner's requested rates of $300 per hour for attorney Mark Krueger and $125 per hour for paralegal Renee Nehring, the analysis herein will not focus on hourly rates. [2] Mr. Krueger's requested hourly rate of $300, for an attorney with 30 years of experience, is appropriate. I also find, that 0.75 of the hours billed by Mr. Krueger and Ms. Nehring are duplicative of fees awarded in *Culligan*, and should be reduced. These research and review hours were already awarded in the lead case *Culligan*.[3] However, it was necessary to

---

[2] A decision awarding interim fees and costs in the lead case was filed March 31, 2016. *Culligan v. Sec'y of HHS*, No. 14-318V, 2016 WL 1622967 (Fed. Cl. Spec. Mstr. Mar. 31, 2016). In that decision, Mr. Krueger was awarded a $300 hourly rate and Ms. Nehring, a $125 hourly rate.

[3] *See Madelyn Meylor*, 10-770 and *Olivia Meylor*, No. 10-771, Decision on Attorneys' Fees and Costs, issued on December 27, 2016 (duplicative fees were reduced in both cases trailing *Culligan*); Petitioner's Joint Notice not to seek review of decisions filed on December 28, 2016, in both cases.

assess the instant case, with its own individual facts, for appropriateness as an onset case. Therefore, the fee entries already awarded in *Culligan*, are reduced to .50 for every 1.00 hour of time billed. A total of 0.55 hours billed are disallowed for Renee Nehring and 0.2 hours are disallowed for Mark Krueger. Of the $24,150 billed for fees, therefore, the undersigned deducts $128.75. The total amount awarded to Petitioner's counsel for fees shall be $24,021.25.

### D. Reasonable Amount of Attorneys' Costs

#### 1. Dr. Shoenfeld's Costs

Respondent specifically objected to $12,500 in costs requested for Petitioner's expert, Dr. Shoenfeld. Memorandum (Jan. 6, 2016). Since no invoice or information regarding his expenditures was submitted in Petitioner's application, Respondent argued that it was impossible to determine the reasonableness of this request. *Id.* Approximately 8 months later, on August 31, 2016, Petitioner addressed the contested $12,500 cost by filing documentation regarding the hourly rate, dates of the hours worked, and the specific nature of the tasks performed. Pet'r's Status Report, ECF No. 75. Thereafter, Respondent did not file a response. I find Dr. Shoenfeld's $500 hourly rate and the 25 hours billed for reviewing documents and writing an expert report, to be reasonable. Therefore, Petitioner's counsel shall be rewarded the full amount requested for costs, $13,295.81.

#### 2. Dr. Hamiel's Costs

Petitioner seeks reimbursement for $2,400 in fees incurred by Dr. Hamiel. Mot. for Atty. Fees *Interim* at 7; Motion Addendum at 1-4 ("Dr. Hamiel's Statement"). Dr. Hamiel charged an hourly rate of $400 for reviewing medical records and preparing her expert report. Dr. Hamiel's Statement at 1. In total, she spent 6 hours on these tasks. *Id.* I find that Dr. Hamiel's $400 hourly rate and the 6 hours billed, neither of which were contested by Respondent, are reasonable. Therefore, the full requested amount of $2,400 is awarded.

## III. CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and expert costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. **Accordingly, the undersigned hereby awards the amount of $39,717.06, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Mark L. Krueger, of Krueger & Hernandez,**

**SC for attorneys' fees and costs.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ Herbrina D. Sanders
Herbrina D. Sanders
Special Master

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).